E-FILED
Monday, 27 September, 2004 01:22:09 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TIMOTHY A. GAYLES
    PETITIONER,

V.

SUZANNE HASTINGS, WARDEN
    RESPONDENT,

CASE NO. 4-91-146

04-1327

FILED
SEP 24 2004
JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**OBJECTION TO ANY PROPOSED TRANSFER ORDER OF PETITIONER"S MOTION UNDER§ 2241**

Comes now, Petitioner Timothy A. Gayles formally objects beferehand to any transfer order which might be entered by this court in which this court would attempt to construe Petitioner's Application for writ of habeas corpus as a successive motion brought under title 28 U.S.C. § 2255. Petitioner avers that the district in which he was sentenced does not have jurisdiction to entertain this petition under § 2241, but proper jurisdiction is vested in the court of where Petitioner is confined. See **Lee v. Wetzel, 244 F.3d 370 (5th. Cir. 2001)**. Therefore, Prtitioner respectfully request that this court address the merits of his Jurisdictional challenge to his conviction and sentence, and formally objects to any proposed order to transfer.

respectfully submitted,
*Timothy A. Gayles*
Timothy A. Gayles
03325-090
Federal Correctional Inst.
P.O.Box 5000
Pekin, Illinois. 61555-5000

c.c.: file

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>　　　　　Plaintiff,<br><br>v.<br><br>Timothy Alvis Gayles a/k/a<br>Timothy Moore a/k/a<br>Charles Lee Moore<br>　　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4-91-146 |

**Jurisdiction:**

　　Petitioner prays this Honorable Court does not dismiss this complaint for lack of Jurisdiction. Petitioner seeks and ask this Court to consider <u>Conley v. Gibson</u>, 2 L.ed 2d, which states before a Civil complaint be dismissed, that the merits of the complaint be considered. <u>Conley v. Gibson</u>, is U.S. Supreme Court persuasion, and proper Jurisdiction is before this Honorable Court.

Pro se Status:

　　Petitioner is a lay person with no formal training in the many different aspects of the Law. Petitioner cannot afford any professional help or a Jail House Lawyer that knows the law helping him. Petitioner prays this Court will over look any and all mis applied law or statutes. <u>Hanes v. KERNER</u>, 404 U.S. 519, 520 (1972)

## STATEMENT OF THE CASE

Petitioner, Timothy A. Gayles was Indicted on October 30th, 1991 on one count of Kidnapping by A United States Grand Jury in violation of title 18, United states Code, Section 1201(a).

On January 31, 1992, during Trial, after the Petit Jury had been seated the United States Assistant Attorney, Joan Erickson, Lancaster, presented the Court with A Constructively Amended Indictment, Constructed, and crafted by The United States Attorney's Office. This Indictment never went in front of A Legally Constituted Grand Jury.

On febuary 6, 1992, Petitioner Timothy A. Gayles was convicted of One count of Kidnapping by A proferred instrament of the court, an Indictment that read: Superseding Indictment (18 U.S.C. § 1201(a)(1)). This Indictment is **Void** at face Value because, it never went before a Legally Constituted Grand Jury, and a conviction had hereof is a violation of an Individuals rights, under The United States Constitution.

Writ of Habeas Corpus

Discussion

There are so called gatekeeping requirements the petitioner must meet in order for this writ to advance. With that in mind the Petitioner submits the following:

Taking justice's Scalia's words used in <u>Daniels v. United States</u>, When He said; "noting that the authority to award a writ of Habeas Corpus may come from written Law only." Section 2241 c(3) states the following also:

> He is in custody in violation of the constitution or
> Laws or Treaties of the United States: (which this
> Petitioner asserts is the truth in this instant cause.)

Further the process of law cannot be encumbered by unconstitutional restrictions which deny access to the courts most especially when issues exist, as they do in this instant case, that are debatable among jurists of reason.

We start with the primise that the right to assemble peaceably and to petition for a redress of grievances are among the most precious of the liberties safegaurded by the Bill of Rights. These rights moreover, are intimately connected, both in origin and in purpose, with the other First Amendment right of free speech and free press. "All these, though not identical, are inseparable." <u>United Mine Workers v. Illinois Bar Assoc.</u>, 389 U.S. 217, 19 L. ed. 2d 426, 88 S.Ct. 353, at 430.

The first Amendment of the constitution prohibits congress from enacting any Law prohibiting the people right to petition the government for redress of grievances.

> "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridiging the freedom of speech, or of the press; or the right of the people to peaceably assemble, and to petition the government for redress of grievance." (First Amendment, Constitution)

The principle and content of the first Amendment do not impose any restrictions or limitations on the people's right to petition the government for redress of grievances and the First Amendment in unambiguous language does not allow Congress through legislation to impose any restrictions or limitations that act to prohibit the

people from being able to "petition the government for redress of grievances."

(Any person convicted and inprisoned in violation of the Constitution or Laws of the United States enacted by congress, has a grievance agaisnt the Government.) Prisoners like others have first amendment rights to petition the government for red ress of grievance. Johnson V. Avery, 393 U.S. 483, L.ed. 718, 89 S.Ct. 747 (1969). The Federal Courts are part of the government to which federal prisoners must present their grievances. "Prisoners possess a right to pursue appeals from criminal convict- ions." Madrid v. Gomez, 150 F.3d 1030 (9th Cir. 1998). Post Convictions Petitions seeking redress of grievances are part of the appeal process.

When enacting the Habeas Corpus Reform Act of 1996, as part of the Antiterrorism and Effective Death Penalty Act (AEDPA here inafter). Congress's intent was to regu- late the "people's right to petition the government for redress of grievances." Under the first Amendment principles government may not regulate the content of protected activity. America Amusement Machine Association v. Kendrick, 244 f.3d 572 (7th Cir.2 000).

With the enactment of the Habeas Corpus Reform Act, Congress clearly expressed its intentions to curtail and prohibit federal prisoners from petitioning the gover- nment for redress of grievances. Even though Congress represents the Federal Judicia ry and the majority of the citizens, "The First Amendment trumps the Democratic pro- cess even when a majority of the citizens wants to infringe upon them." Southern V. Grebe, 151 F.3d 717 (7th Cir. 1998).

The Habeas Corpus Reform Act of 1996, Clearly shows that restrictions and limits enacted by Congress prohibits the federal prisoner from being able to petition the government for redress of grievances. The restrictions and limits enacted by Congress dictate if a prisoner can file a petition and how many petitions a prisoner can file. The First Amendment does not limit the peoples right to petition the government as many times as required to seek redress of a grievance.

The First Amendment would, however be a hollow promise if it left the government free to destroy or erode its guarantees by indirect restraints so long as no law is

passed that prohibits free speech, press, petition, or assembly as such. We have therefore repeatedly held that laws which actually affect the exercise of these vital rights cannot be sustained merely because they were enacted for the purpose of dealing with some evil within the state's legislative compentence, or even because the laws do in fact provide a helpful means of dealing with such an evil. Schnieder v. State, 308 U.S. 147, 84 L.ed. 155, 60 S. Ct. 128, ALR1352 (1940)

The Constitution wisely withheld this power from congress to regulate the principle and content of the Constitution. Yet it would seem to this petitioner that congress through its enactment of the AEDPA and its restrictions to the courts this petitioner and others like him who have legitimate grievances must be allowed their redress of a grievance pursuant to the First Amendment of the Constitution. If not then the constitution is being blatantly violated and this government moves dangerously closer to suspending this vital and great document! The Constitution condemns the AEDPA and the Federal Judiciary must stand up and be counted, and strike down these unconstitutional restrictions. Or be held for treason against the Constitution and the Citizens of these United States of America.

Since the AEDPA, § 2241 may be used by a Federal Prisoner to Challenge the legality of His or Her detention, if the mandates of the so called §2255 Savings Clause can be applied. An application for writ of Habeas Corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained if it appears that the applicant has failed to apply for relief by motion to the court which sentenced him or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffectiveto test the legality of his detention.

It would seem to this petitioner that the Court would grant His writ of Habeas Corpus, when alternatively it is justified relief here or no relief at all. When justice demands relief ther can be no justification for continued

3

blockage of that relief in violation of the Constitution.

Therefore , as stated in <u>Conley v. Gibson</u>, that before a civil complaint be dismissed, that the merits of the complaint be considered. Once the merits of this petition is considered by the Court there is but one conclusion that can made. That based on the records of this Case, that petitioner has made a valid showing for the relief He seeks.

4

ARGUMENT

Timothy Alvis Gayles, Petitioner in the above entitled cause (hereinafter "Petitioner") respectfully asserts that the record in evidence manifestly reveals that the government is and was in violation of the Constitution and the laws of the United States by not resubmitting to the Grand Jury necessary information for a Superceding Indictmemt in order to nulify the Original Indictment. Thus, the United States Attorney's Office unwisely crafted a One Count Indictment published exclusively by an Assistant United States Attorney within the District of Minnesota's office, which manifestly affirms the fact that Petitioner was not subject to prosecution on § 1201(a)(1) Charge at all. The former instrument (original indictment) failed to state a clear offense as a matter of Law and more fully failed to verify the deficient proffer of the United States Attorney's Office when addressing or attempting to address all the essential elements of the Kidnapping offense. The latter instrument (Superceding Indictment) was viod on its face in that it was improperly and unlawfully handled by the United States Attorney's Office when the scope of the Indictment was changed without resubmission to the Grand Jury. Both are errors of law that may be viewed as Fundamental "defects" that inheretly resulted in a total miscarriage of Justice.

> Note: Count 1 of the Original Indictment specifically provides:
> On or about October 7, 1991, in the State and District of Minnesota and else where the defendant, did unlawfully seize, confine, kidnap, abduct, and carry away a person, namely Maureen Shook; in violation of Title 18 United States Code Section 1201 (a).
>
> The Superceding Indictment Count 1 specifically provided:
> On or about October 7, 1991, in the state and District of Minnesota, the defendant, did unlawfully sieze, confine, kidnap, abduct, and carry away and hold for his purpose, a person namely
>
> Maureen Shook, and did willfully transport her in interstate commerce from Rochester, Minnesota

to the State of Wisconsin; in violation of Title
18 United States Code Section 1201 (a)(1).

Two things are very revelant and important in this legal process. they are first of all that the very first indictment has never been dismissed to allow the Superceding Indictment to be Legally binding, and therefore being held to answer for two Indictments of the same Charge. Second, the petitioner points out that the Superceding Indictment regarding count One of the two Indictments has strayed far afield from the language in the Original Indictment and this has increased the scope of the Superceding Indictment, in violation of the laws and the Constitution of the United States. The Superceding Indictment being crafted in manner that it was, is in violation of the petitioner's Constitutional rights. The above language in the original Indictment is insufficient to meet the statutory requirement of title 18 U.S.C.§ 1201(a) or (1)  Therefore, subjects petitioner to prosecution of a crime He was not originally Indicted on, charged, proven and found guilty of in accordance with "due-process" of Law, which is viod and cannot stand.

    Question:
        Was there an Official Grand Jury in session at
        the time it is supposed that the Superceding
        Indictment was signed and brought forth?

Even though all efforts to acquire the dates of the official Grand Jury settings at the time have been tharwted by the Government, so not to allow the petitioner to find that there was no official Grand Jury in session at the time petitioner's Superceding Indictment was signed and brought forth (1-30-92). Nor is there any evidence of the District Court Order Extending the term of the Grand Jury that was in session prior to January 30 1992. It was also understood that a jury not impaneled in the term during which the Indictment was returned was null and viod, United v. Gale, 109 U.S. 65, 71, 3 S. Ct. 1, 27 L.ed 857(1883), and presumably the Indictment returned by such a panel were without effect. Cited in United States v.

2

Fein, 504 F.2d 1170 (1974).

The Government arbitrarily amended the Indictment to plead a charge not made against the petitioner before requiring petitioner to defend the defective accusations, which are unlawful information.

The gist of the United States Attorney's Acts are at best an illustration of unethical conduct and at worst the reach of its conduct consist of prosecutorial Misconduct. There is a Constitutional Miscarriage of justice and the record will verify the truth of what this petitioner alleges. Thus, on the face of the record lies uncontestable hard evidence of a Constitutionally Defective Indictment as to the essential elements of Title 18 U.S.C. § 1201(a)(1) offense. A review of the record in regard to all factors and elements of the alleged charge will readily bring to the forefront this total miscarriage of justice.

This, which prompts this Writ of Habeas Corpus petition as a expeditious remedy. A remedy which is quite apparent and warranted. This is true and correct; there are at least two jurisdictional defect(s) that are apparent from the face of the Indictment itself, one of which goes to the court's power to entertain the prosecution (Subject Matter Jurisdiction) of the case; and the other one of which directly inhibits the Government's ability to prove beyond a reasonable doubt all the essential elements of the offense.

## Constitutional Argument

The Fifth Amendment to the Constitution embodies the due Process Clause, and the Due Process Clause embodies a system of rights based on moral principles so deeply imbedded in the tradictions and feelings of our people as to be deemed fundamental to a civilized society as concieved by this nation's entire history. Due Process is that which comports with the deepest notion's of what is fair and right and just. The understanding which the founders of the American Constitutional system, and those who wrote the due process clause, brought to the subject they derived from coke, who in his "Second Institutes" expounded the proposition that the term "by law of the land" was equivalent to "due process of law", which he in turn defined as "by due process of the common law", that is, "by the indictment or prosentment of good lawful men.., by writ original of the common Law." Sir. Edward Coke, <u>Magna Carta and Constitutionalism in America</u> (1968).

When you go to the roots of this nation you will find "due process of law" is a fundamental requirement to the fair, right, and just judicial administration of the law within our system of justice. Whenever the system breaks down and due process is violated the justice system is obligated to properly remedy that breakdown. A breakdown occurred in this instant offense, and it affects what is fair, right and the judicial integrity of the system, to allow this breakdown to go unremedied. The Indictment process is not without error, but the process is specific, and when the process violated, as in this case, the remedy is specific. Dismissal of the Indictment, and the prisoner must go free.

Taking into account the totality of the circumstances involved in this instant case is more than evident the petitioner's constitutional' rights have been violated. Begining with the 5th Amendment violations already

/

enumerated heretofore and the evident 6th Amendment violation of ineffective assistance of counsel from the initial begining of the legal process to and through final judgement.

The Indictment process is so fundamental to the fair and proper administration of justice, that many Court across this nation have held, that when an Indictment fails to properly charge the crime alledged, then the Indictment must be dismissed with prejudice. There can be no basic of any legal proceedings without a correct and proper Indictment.

2

## In Camera Inspection

Petitioner requests this Honorable Court to hold an in-camera proceeding in the privacy of the Judge's Chambers to inspect with particularity the newly discovered evidence enumerated within this petition inconjuction with all other evidence presented within the primise of this instant case in entirety. Which the Petitioner contends, that when taken in and with the totality of the circumstances the evidence shows, that Petitioner's rights have been substantially Violated. Constitutional violations of a substantial magnitude that to date have not been noticed or corrected.

As Petitioner believes with his limited Knowledge of the law and the legal process in its entirety, an in camera inspection proceeding is conducted without spectators either in the privacy of the Judges Chambers or some other place of privacy. Therefore, the Petitioner requests an in camera inspection of all the evidence, including the newly discovered evidence already discussed within these premises, not limited to but inclusive of the following:

(1) In camera review of the Transcript, of the defendant being arraigned on the Superceding Indictment "before a <u>Magistrate Judge</u>"
(2) In Camera review of the <u>Magistrate Judge</u> who arraigned the Defendant on the Superceding Indictment.
(3) In Camera review of the Superceding Indictment Grand Jury Transcript.
(4) In Camera review of the Superceding Indictment Concurrence Forms.
(5) In Camera review of the Motion, Order, and Date upon which the District Court Judge called the Grand Jury together to administer their Oath to Supercede the Indictment of 10-30-91

(6) In Camera review of the Date upon which the Grand Jury returned the Superceding Indictment.
(7) In Camera review of the recorded actual days the Grand Jury was in session during the month of October 1991, and Janua-ry of 1992
(8) In Camera review of any Motion filed Pursuant to any enhan-cement of Defendant's sentence or prior convictions as a career offender.
(9) In Camera review of the Date and Time the Grand Jury fore-person signed the Superceding Indictment.
(10) In Camera review of the Total Time the Grand Jury sat.

The relevancy of all the above goes directly to the Government's ability to charge, try and convict the petitioner in this case. It is therefore very important and relevant for the answers to each of the above In Camera requests to be found.

2

## Conclusion

Petitioner was never afforded the opportunity to defend himself properly against the Superceding Indictment, Because it was presented to him <u>AFTER</u> the Petit Jury had been picked, and seated for his Trial. In effect Petitioner was blindsided by the Government's tactics, which were and are illegal. Further, it is because of the Government's tactics before Trial, during Trial and thereafter that this petitioner has spent over 14 Years of his Life incarcerated illegally. To not at some point before his twenty (20) year sentence is exhausted recieve relief from this total miscarriage of Justice.

The restrictions and stumbling blocks placed in the path of this Petitioner to thrawt the effects of his relief and that violate the Constitution of the United States of America... the 1st Amendment of redress of a grievance and the 5th Amendment, due process of the Law. Justice in this process has been terribly delayed, but Justice should not be denied!

Wherefore, Petitioner prays this Honorable Court would grant this Petition and all relief sought, or what the Court deems just and proper.

*Timothy A. Gayles*
Timothy A. Gayles
Reg. No. 03325-090
Federal correctional Institution
P.O. Box 5000
Pekin, Illinios. 61555-5000

## Certicate of Service

I, Timothy A. Gayles, swear under penalty of perjury that I have Mailed a copy of the foregoing petition to the Office of the United States Attorney, for the Central District of Illinois.

This __22nd__ day of __Sept.__, 2004

28 U.S.C. Section 1746

_____
Timothy A. Gayles

Timothy A. Gayles
Reg. No. 03325-090
Federal Correctional Institution
P.O. Box 5000
Pekin, Illinois. 61555-5000