# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY A. GAYLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 04-1327 |
| ) | |
| SUZANNE HASTINGS, Warden, ) | |
| ) | |
| ) | |
| Respondents ) | |

## O R D E R

This matter is before the Court on Petitioner Timothy A. Gayles Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1]. For the following reasons, that Petition is DISMISSED for lack of jurisdiction.

### Factual and Procedural Background

Petitioner Gayles was convicted of one count of kidnaping in federal court on February 6, 1992. The Eight Circuit affirmed Gayles' conviction, but remanded for resentencing. On remand, Gayles was sentenced to twenty years in prison, which he is currently serving at the Federal Corrections Institute in Pekin, Illinios.

On September 27, 2004 Gayles petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Gayles claims that during the trial, after the jury had been seated, the government presented the judge with a superceding indictment under which Gayles was eventually convicted. The basis for Gayles Petition is that the his conviction was

unlawful because the second indictment materially altered the charges against him and was never reviewed by a grand jury.

## Discussion

Gayles is a federal prisoner collaterally attacking his federal court conviction. As such, he is authorized to seek relief under 28 U.S.C. § 2255. Because he is so authorized, Gayles may not file a petition under another section — such as § 2241, which he attempts to do here — "unless it appears that [2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see also* In re Davenport, 147 F.3d 605 (7th Cir. 1998). That is to say, unless Gayles' claim for relief falls under one of the narrow exceptions of this savings clause, his petition must be reviewed under § 2255, and not the more lenient § 2241.

The contours of the § 2255 savings clause were outlined in Davenport. That case held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." 147 F.3d, 605, 611. In this case, Gayles' only claim is that his conviction was invalid because it was based on a superseding indictment that never went before the grand jury. This claim is not based on any change in the law between now and when Gayles was convicted; to the contrary, Gayles claims that it is was violation of the law in the first instance that lead to his conviction. Gayles had every opportunity to pursue correction of the alleged error on at least three prior occasions: a motion for new trial before the district court that convicted him, on his direct appeal, or in a § 2255 motion in the sentencing court. For these reasons,

Gayles situation does not meet the narrow limits of Davenport, and his motion must be reviewed under § 2255.

When reviewing Gayles motion under that section, it is immediately evident why he attempted have it reviewed under more procedurally lenient § 2241. Section 2255 comes with at least three procedural hurdles, all of which cause Gayles' Petition to falter.

First, section 2255 petitions must be brought in court that imposed the sentence, not the district of incarceration. 28 U.S.C. § 2255. Thus, even if there were no other defects in Gayles' claim, this Court would transfer the petition to court in which Gayles was sentenced without reviewing its merits.

Second, Gayles motion is clearly outside the one year statute of limitations set forth in § 2255. According to his petition, Gayles' was initially convicted on February 6, 1992. The most recent appeal of that conviction is dated October 24, 1994. U.S. v. Gayles, 39 F.3d 1185 (8th Cir.) (unpublished opinion). There is no record of Gayles petitioning the Supreme Court for certiorari, and thus, his conviction became final on November 24, 1994. There are other dates that might serve to toll the statute of limitations, but none are applicable here. Accordingly, Gayles is barred by the one year statute of limitations of § 2255.

Finally, § 2255 prevents second or successive petitions unless they are certified by an appropriate panel of the court of appeals. The Court's research into Gayles prior filings revealed that he has filed at least one other petition for writ of habeas corpus relating to this conviction that was denied by the District of Minnesota on January 22, 1998. When a prisoner makes a second petition for a writ of habeas corpus under § 2255 without the requisite certificate of appealability from the court of appeals, the district court has no choice but to dismiss the petition for lack of jurisdiction. *See* Nunez v. United States, 96

F.3d 990, 991 (7th Cir. 1996). Thus, Gayles' petition must be dismissed because it is a second or successive motion without the requisite certification from the court of appeals.

## Conclusion

For the foregoing reasons, Gayles Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1], which the Court construes under 28 U.S.C. § 2255, is DISMISSED with prejudice for lack of jurisdiction.

ENTERED this 28th day of December, 2004.

s/Michael M. Mihm

Michael M. Mihm
United States District Judge