E-FILED
Wednesday, 02 March, 2005 03:00:49 PM
Clerk, U.S. District Court, ILCD

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

FILED
MAR 0 2 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TIMOTHY A. GAYLES,
    Petitioner/Plaintiff,

vs.

UNITED STATES OF AMERICA,
    Defendant,

DOCKETING STATEMENT

Case no. 4-91-146
    1:04 cv1327

Comes now the Petitioner, Timothy A. Gayles, pro-se and with out the benefit of counsel, and pursuant to the provisions of Curcuit Rule 3(c), filing this Docketing statement as follows:

<u>1. Jurisdiction of The District Court</u>

The district court had jurisdiction as a civil action pursuant to 28 U.S.C.§ 2241 which the district court recharacterized as a 28 U.S.C. § 2255, and as the original criminal action the district court asserted jurisdiction pursuant to title 18 U.S.C. § 1201(a) (1) and title 18 U.S.C. § 3231.

<u>2. Jurisdiction of The Court of Appeals</u>

This appeal is taken from the final decision of the U.S. District Court for the Central District of Illinois entered December 29, 2004 by the Honorable Micheal M. Mihm, United States District Judge. The United States Court of Appeals had jurisdiction to decide this case pursuant to the provisions of 28 U.S.C. § 1291, and 28 U.S.C. § 1294(1).

Notice of Appeal was filed with the District Court on Febuary 23 2005 upon mailing per first class mail by depositing in the legal mailbox at Pekin Federal Correctional Institution and dated by the District Court on Febuary 28, 2005

Respectfully submitted,

*Timothy A. Gayles*
Timothy A. Gayles

I hereby swear and/or affirm under the penalties of perjury that the foregoing representation are true and correct to the best of my knowledge and belief.

*Timothy A. Gayles*
Timothy A. Gayles
Petitioner, pro-se

Timothy A. Gayles
Reg. No. 03325-090
Pekin Federal Correctional Institution
P.O. Box 5000
Pekin, Illinois. 61555-5000

Statement of facts

Timothy A. Gayles, was convicted of one charge of Kidnapping in Federal Court on Febuary 6, 1992. The Eight Curcuit affirmed Gayles conviction, but remanded for resentencing. On remand, Gayles was sentenced to Twenty Years in Prison, which he is currently serving at the Federal Correctional Institution in Pekin, Illinois.

On September 27, 2004 Gayles petitioned the District Court in the Central District of Illinois for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Gayles asserts that during Trial, after the Jury had been seated, the government presented the Judge with a Superceding Indictment, which was not issued by a legally sitted Grand Jury. Thus, the basis of Gayles Petition is that his Conviction is and was unlawful, because the superceding indictment was Materially altered and they were not just changes of mere form.

Question For Review

1. Whether the District Court Erred In Denying Petitioner's § 2241 for Lack of Jurisdiction On A Procedural Bar when the Issue is Jurisdictional in Scope, and total Miscarriage of justice?

2. Whether the District Court Erred by Recharacterizing Gayles's Habeas Corpus Petition As a Motion Under 28 U.S.C. § 2255?

3. Whether Gayles has shown 28 U.S.C. § 2255 to be Inadequate and Ineffective as to allow resort to Habeas Corpus Relief Pursuant to 28 U.S.C. § 2241?

Fact In Dispute

Gayles states that the motion he filed was a writ of habeas corpus pursuant to 28 U.S.C. § 2241 which the district court construed as a 28 U.S.C. § 2255, by recharsacterizing petitioner's motion. Gayles further states that he is being detained in violation of the laws of the United States and its Constitution in that there are 5th and 6th Amendment violations. These violations are jurisdictional inscope and jurisdiction can be raised at any time when discovered. The writ of habeas corpus can extend to a prisoner, when he is being held in custody in violation of the Constitution or Laws of the United States, pursuant to 28 U.S.C. § 2241.

## Factual and procedure Background

The factual and proceedual background is adopted as presented by the District Court in its order and decision.

## Discussion

Gayles is a Federal Prisoner who is attacking the Legality of his continued detention. Gayles (hereinafter the petitioner) filed a writ of habeas corpus section 2241 based on being incarcerated (detained) in violation to the Laws of the United States of America. The district court says that the petitioner is unable to test the legality of his detention through § 2241, because he has not established or shown § 2255 to be inadequate or ineffective. The court furthered states that petitioner's only claim is that his conviction was invalid because it was based on a superseding indictment that never went before the grand jury, and this claim is not based on any change in the law between now and when petitioner was convicted; and petitioner further claims that it is /was a violation of law in the first instance that lead to his conviction.

The Court says that petitioner, 'has had every opportunity to pursue correction of the alleged error on at least three prior occasions; a motion for new trial before the district court that convicted him, on his direct appeal, or in a § 2255 motion in the sentencing court." For these reasons, Gayles situation does not meet the narrow limits of <u>Davenport</u>, and his motion must be reviewed under § 2255.

Petitioner appeals the Court's findings and respectfully prays that will consider the truth and merits of his argument.

## ARGUMENT

No matter how cause and prejudice might be defined, it would not preclude habeas review "of the federal constitutional claim of a defendant who in absence of such an adjudication will be the victim of a miscarriage of justice," which the Court noted in <u>Sykes</u>. The miscarriage of justice concept was firmly established as an exception to the <u>Sykes</u> standard in <u>Murray v Carrier</u>, (note 2, p.1598), where Justice O'Connor stated: [I]n a extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for procedural default.

Follow Carrier, the miscarriage-of-justice standard, sometimes described as an "actual innocence" standard, was regulary applied as an element of the default standard of Skyes and its progeny.

The miscarriage of justice standard "requires the habeas petitioner to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." When the constitutional violation goes straight to the charging instrument, which in this case is the indictment. The indictment is only brought validly by a properly sanctioned Grand Jury and the indictment brought by a proper Grand Jury must contian every element of the charge of the alleged crime to truly charge a crime on which a conviction can be had. Anything less i a Due Process Violation of the 5th Amendment of the Constitution and deprives a Court of its subject matter jurisdiction. Without correct or legal jurisdiction in criminal proceedings all proceedings are viod and invalid.

This Court should allow this challenge to Gayles conviction and sentence, because the petitioner "is in custody in violation of the constitution or laws or treaties of the United States." The Grand Jury Clause of the United States Constitution provides that "[n]o person shall be held to answer for a capital, or other wise infamous crime unless on a presentment or indictment of a Grand Jury." United States Constitution, Amendment $\overline{V}$. Petitioner would assert that the Grand Jury Clause, as well as the right to a jury trial and due process has been violated because the indictment failed to charge him with a Crime. Petitioner contends in the alternative, that since the indictment did not reference the very element that would give the government their jurisdiction element to even bring the charge regarding 18 U.S.C. § 1201(a)(1), then the original indictment brought by a sanctioned Grand Jury is Void on its face...defective and without force of law.

The Seventh Circiut has stated that for an indictment to be sufficient, it must fulfill three distinct functions. "First, the indictment must state all of the elements of the crime charged; second, it must adequately apprise the defendant of the nature of the charge so that he may prepare a defense; and third, it must allow the defendant to plead judgement as a bar to any future prosecution for the same offense." United States v. Torres, 191 F.3d 799, 805 (7th Cir. 1999). In setting forth the offense, it is generally acceptable for the indictment to "track" the words of the statue itself, so long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished. United States v. Hinkle, 637 F.

2d 1154, 1157 (7th Cir.1981). However, an indictment that tracks the statutory language can nonetheless be considered deficient if it fails to provide enough factual particulars to "sufficiently apprise the defendant of what he must be prepared to meet". Russell v. United States, 369 U.S. 749, 763, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). Further more the Seventh Circuit has declared that in order for an indictment "to satisfy this second hurdle, we require, at minimum, that it provide some means of pinning down the specific conduct at issue". United States v. Smith, 230 F.3d 300, 305 (7th Cir. 2000). Moreover as a general rule, an indictment must contain "all facts and circumstances which constitute the offense,...stated with certainty and precision, that the defendant... may be enabled to determine the species of the offense they constitute, in order that he may prepare his defense", and in order that the right to indictment by Grand Jury is preserved. Apprendi, 147 L.ed.2d at 448.

    Not only did the indictment not state all the elements of the offense, but furthermore, it did not notify the Petitioner of the nature of the charge that he was to be tried for, because all the elements were not there. This was an error not in form, but in substance. Therefore, it is not valid unless resubmitted to a legally sitting Grand Jury, and for that Grand Jury submitting a True Bill. Anything less than that is invalid and a violation of Petitioners substantial rights. It further leaves the district court without jurisdiction of the invalid charge and case.

    The Petitioner filed a motion styled as 28 U.S.C. § 2241 writ of Habeas corpus, which could not meet the requirements of the gatekeeping requirements of 28 U.S.C. § 2255. Therefore, since the petitioner is contending that he is being detained illegally, then the court jurisdiction is the court in which the petitioner is being held, not his sentencing court. here is no procedural default to jurisdiction and jurisdiction cannot be waived. thus, the Central District of Illinois would have proper jurisdiction as this the district in which petitioner is being detained, and section 2241 writ of Habeas Corpus the proper vehicle to test the legality of that detention.

    If, the petitioner was in error by filing the writ he styled as a 28 U.S.C. § 2241, then the district court is also in error by recharcterizing petitioner's motion as a action under 28 U.S.C. 2255, without first notifying the petitioner of the intending rechracterization. Therefore, allowing the petitioner the opportunity to withdraw said "writ", if in fact petitioner felt the court was correct in recharcterizing his writ of habeas corpus. Which is case law precedence in several circuits around the country, including this circuit, which said in Henderson v. United States,

"we now join the court which hold that in such case the mislabled motion will not be deemed a Section 2255 motion". The 6th Circuit has held as follows: "[D]istrict courts should not recharcterize a motion purportedly made under § 2255 unless (a) the movant, with Knowledge of the potential adverse consequences of such recharcterization, agrees to have the motion so recharcterized, or (b) the court finds that, not withstanding its designation, the motion should be considered as made under § 2255 because of the nature of relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharcterized. Unless such a warning is provided, a recharacterized § 2255 motion must not be counted agaisnt the prisoner for purposes of the bar on successive motions.

Petitioner was not apprised by the court of its intention to recharacterize the petition. Nor was he afforded the opportunity to withdraw his motion, if that was what he chose to do.

Jurisdiction cannot be waived and there is no procedural default to jurisdiction. It is without question that the indictment which is the charging instrument used by the federal government, and jurisdiction is confered upon the court only when the indictment contains all elements of the charge and is validily issued by a sitting Grand Jury.

Regarding In re Davenport, 147 F3d 605 (7th Cir. 1998), that is to say, "that a federal prisoner should be permitted to seek relief under § 2241 only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion". Is not a invalid indictment not a fundamental defect, that requires correction? Whether the law has changed or not, and does that not affect the fundamental fairness and integrity of the judicial process to allow this so long sought after solution to continue to go unremedied? As Justice Souter said in Daniels v. United States, 149, L.ed 2d 590, as part of his dissent that, "Whatever force the majority's rationales might have when alternative channels of review are available, they do not even come close to the horsepower needed to rule out the application of § 2255 when the chioce is relief under [§] 2255 or no relief at all". Petitioner believes the same rationale is true of § 2241, again when the choice is relief under § 2241 or no relief at all. Should a total miscarriage of justice go unremedied forever? Petitioner contends that he is incarcerated illegally, and in violation of the Laws and Constitution of

these United States of America.

Too many times in litigation before the federal courts a prisoner is blamed for not presenting an issue properly or timely, when it is not the prisoner's fault at all, but the fault of his Attorney of record and his/her total ineptness and ineffectiveness to adequately represent their clients before the federal courts. Such is the case of petitioner in this instant cause in that petitioner's Attorney of record at trial failed to object to the superceding indictment blind siding the petitioner's defense once trial had begun. An indictment that had been changed in substance without being resubmitted to the Grand Jury to achieve that important and necessary process. No one in this society is above the Law including the Government, as they too are bound by the law. The government cannot be allowed to make an end run around this process as this is a nation of laws to which the government too must adhere to. The Grand Jury and Indictment process must not be allowed to be violated and that violation through the judicial process must be recognized, acknowledged and corrected. If petitioner's attorney of record fails to properly brief the issue before the court through ineptness or neglect, then their ineffectiveness leaves it to prisoner/petitioner to do it pro se. As it is the case with petitioner, and once recognized by the petitioner that the government had attempted to hide the fact of the improperly drafted indictment, because no Grand Jury Transcript exist of the action for the Superceding Indictment. Then, also losing the portion of the trial record of how and when the Superceding Indictment was submitted. When a invalid and unlawful indictment is before the court, which goes to the judisdiction of the Court to prosecute the charge contained therein, and relief sought has been denied. A miscarriage of justice is had that effects the judicial process's fairness and integrity. Another bite of the apple is required and if no other means is valid other than § 2241, then savings clause of § 2255 should be invoked to correct the process.

## Conclusion

The Constitution of the United States since its inception has held this government to certain stsndards. Those Branches of government (in this case the executive and judicial branches) must adhere to the dictates of the Constitution or be held accountable. The Constitution is the Supreme Law of the Land. Violations of that Constitution's Fifth and Sixth Amendments must be

answered. The Constitution allows for a criminal defendant to be put on equal footing with the government when the mandates of the constitution are administered in accord with the dictates of the Law that is involved. Anything less violates the constitution, thus creating a complete miscarriage of justice as in the case in hand. The Sixth Amendment was violated in that the government unsurped the Grand Jury and its process by not submitting to the Grand Jury for its "True Bill" acknowlodgement of the superceding Indictment, as well as counsel's ineffectiveness in not challenging this illegal process. The 5th Amendment violations flowed from Due Process of Law violations of the court's jurisdiction. The Constitution rights the Boat, whether you like the process or not. The Constitution must be adhered to by <u>all</u> in the context of its dictates.

Petitioner Gayles has answered the questions before the court. There is a jurisdictional violation which causes a complete miscarriage of justice. The District Court erred in recharacterizing Petitioner's writ without notice to the petitioner, and petitioner has shown § 2255 inadequate and ineffective as to allow resort to habeas corpus relief pursuant to 28 U.S.C. § 2241.

Wherefore, Petitioner, Timothy A. Gayles, respectfully moves this Honorable Court to reverse the Judgement of the district court, with remand and grant any other relief the Court deems appropriate.

Respectfully submitted,

*Timothy A. Gayles*
Timothy A. Gayles
Reg. No. 03325-090
Federal Correctional Institution
Post Office Box 5000
Pekin, Illinois 61555-5000

Pro-se