E-FILED
Wednesday, 11 May, 2005 03:30:26 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY GAYLES, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Case No. 04-1327 |

### O R D E R

Before the Court is Petitioner Timothy Gayles' Motion of Leave to Proceed In Forma Pauperis on Appeal, and his Notice of Appeal, which the Court construes as a Motion for Certificate of Appealability.

In the case at bar, Gayles sought collateral review of his conviction and sentence based on his claim that the grand jury never reviewed the superceding indictment under which he was convicted. Because he was making a collateral attack on his conviction, the Court found that his claim should have been brought under 28 U.S.C. § 2255 instead of § 2241. However, he was barred from bringing his claim under § 2255 because (1) he had already made motions under that section and did not have the requisite permission from the court of appeals to make a second or successive motion, (2) he was time barred, and (3) he brought his claim in the wrong court. Gayles seeks to appeal that decision and thus filed the Notice of Appeal and Petition to Proceed in Forma Pauperis now before the Court.

I.   Certificate of Appealability

28 U.S.C. § 2253(2) requires a certificate of appealability in cases arising under 28 U.S.C. § 2255. A certificate may only issue if the applicant makes a substantial showing of

the denial of a constitutional right, and any certificate issued must specify what claim(s) merit appellate review. Id. § 2255(2), (3). In considering whether a certificate of appealability should issue, the Court cannot find that Gayles has made a substantial showing of the denial of a constitutional right as no claims raised before this Court come close to presenting issues debatable among jurists of reason under the present state of the law. Gayles motion was dismissed because the plain language of § 2255 and law of this circuit, *see* Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (holding that when a prisoner makes a second petition for a writ of habeas corpus under § 2255 without the requisite certificate of appealability from the court of appeals, the district court has no choice but to dismiss the petition for lack of jurisdiction), demanded it. Finding no issue in this proceeding which warrants appellate review, the Court cannot in good faith issue a certificate of appealability for Gayles' § 2255 Motion. Accordingly, his Motion for Certificate of Appealability is DENIED.

II.     Application to Proceed In Forma Pauperis on Appeal

Title 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The Court concluded that Gayles' § 2255 was untimely, was second or successive without the requisite permission from the court of appeals, and was filed in the wrong court. These conclusions compel the inescapable conclusion that pursuit of such an appeal would be futile, and the Court therefore cannot find that this appeal is being taken in good faith. Thus, Gayles' Petition to Proceed In Forma Pauperis on Appeal is also DENIED.

ENTERED this 11th day of May, 2005.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge
