**E-FILED**
Thursday, 27 October, 2005 11:31:15 AM
Clerk, U.S. District Court, ILCD

# United States Court of Appeals

## For the Seventh Circuit

### Chicago, Illinois 60604
**NOTICE OF ISSUANCE OF MANDATE**



**FILED**

OCT 2 7 2005

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DATE:     October 24, 2005

TO:       John M. Waters
          United States District Court
          Central District of Illinois
          Room 309
          100 N.E. Monroe Street
          Peoria, IL  61602

FROM:     Gino J. Agnello, Clerk

RE:       05-1618
          Gayles, Timothy v. Veach, Rick V.
          04 C 1327, Michael M. Mihm, Judge

          Herewith is the mandate of this court in this appeal, along
          with the Bill of Costs, if any.  A certified copy of the
          opinion/order of the court and judgment, if any, and any
          direction as to costs shall constitute the mandate.

          [X] No record filed
          [ ] Original record on appeal consisting of:
**ENCLOSED:**                          **TO BE RETURNED AT LATER DATE:**
          [ ]      Volumes of pleadings                [ ]
          [ ]      Volumes of loose pleadings          [ ]
          [ ]      Volumes of transcripts              [ ]
          [ ]      Volumes of exhibits                 [ ]
          [ ]      Volumes of depositions              [ ]
          [ ]      In Camera material                  [ ]
          [ ]      Other_____        [ ]

          Record being retained for use              [ ]
          in Appeal No. _____

          Copies of this notice sent to:        Counsel of record
          [ ]      United States Marshal
          [ ]      United States Probation Office
**NOTE TO COUNSEL:**
          If any physical and large documentary exhibits have been filed in
          the above-entitled cause, they are to be withdrawn ten days from the
          date of this notice.  Exhibits not withdrawn during this period will
          be disposed of.

          Please acknowledge receipt of these documents on the enclosed copy
          of this notice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
          Received above mandate and record, if any, from the Clerk, U.S.
          Court of Appeals for the Seventh Circuit.
Date: _____        _____
(1071-120397)                       Deputy Clerk, U.S. District Court

**CERTIFIED COPY**



**FILED**

OCT 2 7 2005

~~M. WATERS, Clerk~~
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 28, 2005
Decided August 30, 2005

Before

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-1618

| | |
|---|---|
| TIMOTHY GAYLES,<br>    *Petitioner-Appellant*, | Appeal from the United States District<br>Court for the Central District of Illinois |
| *v.* | No. 04-1327 |
| RICK V. VEACH,<br>    *Respondent-Appellee*. | Michael M. Mihm,<br>*Judge*. |

## O R D E R

Timothy Gayles was convicted of kidnaping in 1992 and sentenced to 20 years' imprisonment. *See United States v. Gales*, No. 93-4120, 1994 WL 577743 (8th Cir. Oct. 24, 1994) (unpublished order). Following his conviction, Gayles moved for relief under 28 U.S.C. § 2255, and the district court denied his motion. *See Gayles v. United States*, No. 97-cv-1075 (D. Minn. Jan. 22, 1998) (order denying collateral relief). He has now filed a petition under 28 U.S.C. § 2241, arguing that prosecutors in his original criminal proceeding improperly used a superceding indictment, which had not been presented to a grand jury. The district court, though, properly dismissed Gayles's petition, holding that the argument belonged in a § 2255 motion and thus should have been filed in the sentencing court. The district court also correctly determined that such a motion would be barred by the statute of limitations and, further, would constitute a successive collateral attack for which Gayles lacked authorization.

Accordingly, we summarily **AFFIRM** the district court's judgment. Gayles's motion to proceed in forma pauperis is **DENIED**.